UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
FRANTZ BOULOUTE,

                                Petitioner,          MEMORANDUM AND ORDER
                                                           07 CV 2201 (ILG)
  -against-

UNITED STATES OF AMERICA,

                                Respondent.
-------------------------------------------------x

GLASSER, United States Senior District Judge:

## INTRODUCTION

Frantz Bouloute ("Bouloute" or "Petitioner") moves to vacate, set aside, or correct his sentence from his 2005 conviction in this Court pursuant to 28 U.S.C. § 2255 ("Section 2255"). In 2003, Bouloute was indicted for conspiracy to import cocaine pursuant to 21 U.S.C. § 963, importation of cocaine pursuant to 21 U.S.C. § 952(a), and attempted possession with intent to distribute cocaine pursuant to 21 U.S.C. § 846. The jury found Bouloute guilty on all three counts on January 27, 2005.

The Pre-Sentence Report prepared by the United States Probation Department found Bouloute responsible for 30.19 kilograms of cocaine, the full amount of the drugs involved in the conspiracy, which corresponded to a base offense level of 34 under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). At sentencing on May 2, 2005, Bouloute's counsel stated that he had reviewed the Pre-Sentence Report, and that he would not seek any amendments or deletions with respect to that Report. Tr. at 2. However, Bouloute's counsel urged the Court to sentence Bouloute below the

1

applicable Guidelines range, which was 151 to 188 months, because Bouloute was a "minor participant" in the scheme to import and distribute cocaine as compared to his co-conspirators. Tr. at 4-6. Finding that Bouloute was an active participant in the scheme, and after discussing the sentencing factors found in 18 U.S.C. § 3553(a), the Court on May 2, 2005, sentenced Bouloute to 130 months imprisonment to run concurrently on each of the three counts of which he was convicted, to be followed by five years of supervised release, and a $300 special assessment. Tr. at 8-10. The sentence imposed was ten months higher than the mandatory statutory minimum required by 21 U.S.C. §§ 960(b)(1)(B)(ii) and 841(b)(1)(A)(ii)(II).

Bouloute filed a timely appeal of his sentence, arguing that it was unreasonable because this Court failed to consider all the sentencing factors enumerated in 18 U.S.C. § 3553(a), and because the sentence was greater than necessary to do justice. Affirming this Court's sentence, the Second Circuit found that the 130 month sentence was selected "precisely because, after considering all relevant factors, [the district court] concluded that a 151-month sentence was greater than necessary to do justice in the case." United States v. Bouloute, 185 Fed. Appx. 102, 106 (2d Cir. 2006).

Bouloute's habeas petition argues that this Court violated his due process rights when it sentenced him based on what he alleges is "erroneous and unsubstantiated information contained in the Pre-Sentence Investigation Report," and that he suffered from ineffective assistance of counsel when his attorney failed to object to the Court's miscalculation of the offense level under U.S.S.G. § 1B1.3. Pet. Br. at 1. Essentially, Bouloute asserts that, in calculating his base offense level, the Court should have made an individualized finding of the amount of cocaine he was personally responsible for

2

conspiring to import instead of attributing to him the entire amount of the cocaine seized. He claims that, because "the scheme to import cocaine . . . had many participants all expecting a share of the drugs for their role in the offense," he should only be responsible for the portion of drugs he expected to receive as part of the conspiracy. Pet. Br. at 5.

For the reasons explained below, and based on this Court's findings that Bouloute was an active participant in the conspiracy and that he was found guilty of two substantive counts of direct involvement in the importation, the sentence was correct pursuant to U.S.S.G. § 1B1.3. Therefore, his counsel's failure to object did not constitute ineffective assistance of counsel.

## DISCUSSION

### A. Section 2255

Section 2255 permits a convicted person in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence. Collateral relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). To obtain collateral relief, the petitioner must prove by a preponderance of the evidence that his sentence was imposed unlawfully. Rodriquez v. United States, 05 CV 5704 (CPS), 2006 U.S. Dist. LEXIS 46321, at *5 (E.D.N.Y. July 10, 2006).

Petitioner contends that: (1) the sentence imposed was procedurally unreasonable because the Court unconstitutionally and erroneously miscalculated his

3

base offense level, and by extension the applicable sentencing range, and (2) he received ineffective assistance of counsel based on his attorney's failure to object to or correct this miscalculation. He frames the issues as separate claims for review under Section 2255. Petitioner, however, failed to raise the constitutional challenge on direct appeal. A procedural default of even a constitutional issue will bar review of Section 2255 claims unless a petitioner can show cause excusing the default and actual prejudice that resulted from the error. Napoli v. United States, 32 F.3d 31, 37 (2d Cir. 1994). Because Bouloute has not shown cause or prejudice, the Court may not separately consider the constitutional challenge. The Court may, in any event, examine Bouloute's ineffective assistance of counsel claim, which is premised on the alleged constitutional error. See Massaro v. United States, 538 U.S. 500, 505 (2003) (holding that a petitioner may raise a claim of ineffective assistance of counsel on a habeas petition even if he has failed to do so on direct appeal).

### B. **Ineffective Assistance of Counsel**

To succeed on an ineffective assistance of counsel claim, a defendant must prove: "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." United States v. Jones, 482 F.3d 60, 76 (2d Cir. 2006) (citing Strickland v. Wash., 466 U.S. 668, 687 (1984)). To show that an attorney's performance is deficient, a defendant must establish that his attorney's conduct fell "outside the wide range of professionally competent assistance," and show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 690, 694. The Supreme Court has taught courts to "indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance . . . ." Id. at 689.

As a threshold matter, this Court notes that even if Bouloute's challenge to his five year sentence for the conspiracy count were successful, his prison term would be unaffected because he also received a five year sentence for two substantive counts that run concurrently with his conspiracy sentence, and he does not challenge the validity of the sentences for those two counts. See United States v. Moreno, No. 96-1758, 1998 U.S. App. LEXIS 1206, at *4 (2d Cir. Jan. 27, 1998). Regardless, considering Bouloute's argument as to the conspiracy count alone, it fails because there was no constitutional deprivation or other procedural error made by the Court, and as such, his attorney's failure to object did not render his professional services otherwise deficient.

Whether counsel's conduct was deficient turns on whether the Court miscalculated the base offense level. U.S.S.G. § 1B1.3(a)(1) defines relevant conduct for purposes of calculating the base offense level. Pursuant to this section, a defendant's conduct "shall be determined" on the basis of:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in the furtherance of the jointly undertaken criminal activity,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . .

Under the statute, when a defendant is convicted of a controlled substance related offense, he is responsible for the amount of the substance "with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably

foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 cmt. n.2.  The requirement of reasonable foreseeability "applies only in respect to the conduct (i.e., acts and omissions) of others under subsection (a)(1)(B).  It does not apply to conduct that the defendant personally undertakes, aids, abets, counsels, commands, induces, procures, or willfully causes; such conduct is addressed under subsection (a)(1)(A)."  Id.; see also United States v. Chalarca, 95 F.3d 239, 243 (2d Cir. 1996) ("The quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction."); United States v. Gonzalez, 138 Fed. Appx. 349, 350 (2d Cir. 2005) (same); United States v. Baptista, 05 CR 53 (JFK), 2006 U.S. Dist. LEXIS 73897, at *13 (S.D.N.Y. Oct. 10, 2006) (same).  Moreover, if a defendant personally participates in a direct manner, then he may be held accountable for the entire quantity of the drugs involved in the jointly undertaken transaction.  See United States v. Zapata, 357 F. Supp. 2d 667, 671-72 (S.D.N.Y. 2005).  The Second Circuit has held that a defendant convicted of conspiracy may be sentenced under either subsection (A) or (B) depending on the defendant's level of personal involvement.  See Chalarca, 95 F.3d at 243.

In Chalarca, the defendant was charged with conspiracy to distribute and possess with intent to distribute cocaine.  Although he was at the scene of the drug transaction, the Second Circuit found that the defendant "had no knowledge of what was taking place there."  Id. at 244.  Based on his minor role in the transaction, the Second Circuit upheld the district court's decision to set the defendant's "offense level at the level representing the least amount of cocaine that appears in the Drug Quantity Table in the Sentencing

Guidelines" instead of the full quantity of cocaine involved in the conspiracy. Id. at 242. However, the Second Circuit commented that, under different circumstances, if a defendant knew the purpose of the transaction and was involved in a more direct manner, a district court's decision to attribute the full amount of drugs involved in the transaction to that defendant would be proper. Id. at 243-44. The Second Circuit later applied this reasoning in United States v. Pitcher, 7 Fed. Appx. 119, 121-22 (2d Cir. 2001), wherein it affirmed a district court's decision to attribute the entire amount of heroin involved in a conspiracy to import and possess to a defendant where he had directly participated in the importation by recruiting the courier, helping him obtain a passport, and driving him to the airport, and where he knew that the transaction involved narcotics.

Here, the Court found that Bouloute was "a very active player in th[e] scheme to import a lot of cocaine into the United States." Tr. at 10. As the record indicates, Bouloute proposed the importation scheme, brought the co-conspirators together, and was involved in planning the importation. He was responsible for arranging to transport the drugs out of the airport in New York. Indeed, his direct participation was apparent when, after being informed that the cocaine would not be handed over until he paid a corrupt airport baggage handler, he personally met with the handler, who was an undercover DEA agent, and attempted to persuade the handler to turn over the drugs without payment. Thus, because Bouloute's involvement was "direct" and not "remote," no foreseeability inquiry was triggered. Chalarca, 95 F.3d at 244 (quoting United States v. Corral-Ibarra, 25 F.3d 430, 438 (7th Cir. 1994)). Even if Bouloute's involvement could not be characterized as "direct," the transaction was nevertheless within the scope

of the conspiracy, and the amount attributed to him, the full thirty kilograms of cocaine, was thus foreseeable.  See United States v. Reyes, 236 Fed. Appx. 731, 734 (2d Cir. 2007) ("Even if Reyes was not 'directly involved' in the drug transaction, the transaction was within the scope of the conspiracy, and the quantity of cocaine attributed to him was foreseeable." (quoting U.S.S.G. § 1B1.3 cmt. n.2)).  Because the full amount of the seized drugs was properly attributed to Bouloute, his attorney's performance was not deficient for his failure to object to the amount of cocaine indicated in the Pre-Sentence Report.

### C.     Hearing

Petitioner also requested an evidentiary hearing related to the above issues. Section 2255 requires a district court to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255.  Because Petitioner has failed to prove his ineffective assistance of counsel claim, he is not entitled to an evidentiary hearing, and the Court accordingly denies Petitioner's request.

## CONCLUSION

For the foregoing reasons, Petitioner's motion pursuant to Section 2255 is DENIED.  The Clerk of Court is accordingly ordered to close the above-captioned action.

SO ORDERED.

Dated:     Brooklyn, New York
           January 15, 2008

_____/s/_____
I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

Counsel for the Petitioner

Frantz Bouloute, Petitioner *pro se*
61862-053
Federal Prison Camp
P.O. Box 779800
Miami, FL 33177

Counsel for the Government

Paige Petersen, Esq.
Assistant United States Attorney for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201